Dan Stormer, Esq. [S.B. # 101967]
David Clay Washington, Esq. [S.B. #305996]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
        dwashington@hadsellstormer.com

Attorneys for Plaintiff CHRISTIAN PINEDA

Thomas C. Hurrell, Esq.
Joseph K. Miller, Esq.
Kevin Rashidi, Esq.
HURRELL CANTRALL LLP
300 South Grand Ave., Ste. 1300
Los Angeles, CA 90071
Telephone: (213) 426-2000
Facsimile: (213) 426-2020
Email: thurrell@hurrellcantrall.com
        jmiller@hurrellcantrall.com
        krashidi@hurrellcantrall.com

Attorneys for Defendants CITY OF LOS ANGELES; CHIEF MICHEL MOORE;
COLTON HANEY and STEPHEN MCCLEAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PINEDA, | Case No.: 2:21-cv-06470-CBM-ASx |
| Plaintiff, | [Assigned to the Honorable Consuelo B. Marshall – Courtroom 8B] |
| v. | **JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** |
| CITY OF LOS ANGELES; CHIEF MICHEL MOORE; COLTON HANEY and STEPHEN MCCLEAN, | **Pretrial Conference:** |
| Defendants. | DATE:     February 21, 2023<br>TIME:      2:30 p.m.<br>CRTRM:   8D (First Street Courthouse) |
| | Complaint filed:     August 11, 2021<br>Discovery Cut-Off:   September 2, 2022<br>Motion Cut-Off:      November 8, 2022<br>Trial Date:          March 7, 2023 |

1

# **TABLE OF CONTENTS**

2

**Page(s)**

3

4   1.    THE PARTIES ................................................................................. 1

5

6   2.    FEDERAL JURISDICTION ............................................................ 1

7   3.    TRIAL LENGTH ............................................................................ 1

8   4.    FORM OF TRIAL .......................................................................... 1

9
   5.    FACTS ADMITTED ....................................................................... 1
10

11  6.    STIPULATED FACTS SUBJECT TO OBJECTION ...................... 2

12  7.    CLAIMS AND DEFENSES ............................................................ 2

13
        a.    Plaintiff's Claims ................................................................. 2
14

15           i.    Plaintiff's Section ....................................................... 2

16  Claim 1: Plaintiff Christian Pineda has claims for Excessive Force
17  (42 U.S.C. § 1983 4th and 14th Amendments) against Defendants
    Haney and McClean .............................................................................. 2
18

19  Elements Required to Establish Plaintiff's Claim No. 1 ...................... 2

20  Key Evidence ........................................................................................ 4

21
    Claim 2: Plaintiff Christian Pineda has claims for Failure to Intervene
22  (4th and 14th Amendments; 42 U.S.C. § 1983) against Defendant
23  McClean ............................................................................................... 15

24  Elements Required to Establish Plaintiff's Claim No. 2 .................... 15

25
    Key Evidence ...................................................................................... 15
26

27  Claim 3: Plaintiff Christian Pineda has claims for Freedom of Speech
    (1st and 14th Amendments; 42 U.S.C. § 1983) Against Defendants
28  Haney and McClean ............................................................................ 15

Elements Required to Establish Plaintiff's Claim No. 3 ....................................... 15

Key Evidence ......................................................................................................... 16

Claim 4(a): Plaintiff Christian Pineda has claims for Municipal
Liability—Unconstitutional Policy, Practice, Custom (42 U.S.C.
§ 1983) against Defendant City ........................................................................... 16

Elements Required to Establish Plaintiff's Claim No. 4(a)................................ 16

Key Evidence ......................................................................................................... 17

Claim 4(b): Plaintiff Christian Pineda has a claim for Municipal
Liability—Act of Final Policymaker (42 U.S.C. § 1983) against
Defendant City ....................................................................................................... 17

Elements Required to Establish Plaintiff's Claim No. 4(b)............................... 17

Key Evidence ......................................................................................................... 18

Claim 4(c): Plaintiff Christian Pineda has a claim for Municipal
Liability—Policy That Fails to Prevent Violations of Law against
Defendant City ....................................................................................................... 18

Elements Required to Establish Plaintiff's Claim No. 4(c)............................... 18

Key Evidence ......................................................................................................... 19

Claim 5: Plaintiff Christian Pineda has a claim for Municipal
Liability—Ratification (42 U.S.C. § 1983) against Defendant City ................... 19

Elements Required to Establish Plaintiff's Claim No. 5 ................................... 19

Key Evidence ......................................................................................................... 20

Claim 6(a): Plaintiff Christian Pineda has claims for Municipal
Liability—Failure to Train (42 U.S.C. § 1983) against Defendant City ............ 20

Elements Required to Establish Plaintiff's Claim No. 6(a)............................... 20

Key Evidence ......................................................................................................... 20

Claim 6(b): Plaintiff Christian Pineda has claims for Failure to Train, Supervise, Discipline, or Correct (42 U.S.C. § 1983) against Defendant Moore ........................................................................................................... 20

Elements Required to Establish Plaintiff's Claim No. 6(b) .................................. 21

Key Evidence ..................................................................................................... 22

Claim 6(c): Plaintiff Christian Pineda has claims for Failure to Train, Supervise, Discipline, or Correct (42 U.S.C. § 1983) against Defendant McClean ............................................................................................................ 22

Elements Required to Establish Plaintiff's Claim No. 6(c) .................................. 22

Key Evidence ..................................................................................................... 23

Claim 7: Plaintiff has a claim for Declaratory Relief against all Defendants ...... 23

Elements Required to Establish Plaintiff's Claim No. 7 ...................................... 23

Key Evidence ..................................................................................................... 23

    ii.    Defendants' Section .......................................................... 23

A.    Claim No. 1: Excessive Force (4th and 14th Amendments under 24 U.S.C. § 1983) against Officer Haney and Sergeant McClean ............ 23

    a.    Elements Required to Establish Claim No. 1 ................................. 23

    b.    Key Evidence in Opposition to Claim No. 1 ................................. 24

B.    Claim No. 2: Failure to Intervene (4th and 14th Amendments under 24 U.S.C. § 1983) against Sergeant McClean ........................................... 27

    a.    Elements Required to Establish Claim No. 2 ................................. 27

    b.    Key Evidence in Opposition to Claim No. 2 ................................. 28

C.    Claim No. 3: Freedom of Speech (1st and 14th Amendments under 24 U.S.C. § 1983) against Officer Haney and Sergeant McClean ............ 28

    a.    Elements Required to Establish Claim No. 3 ................................. 28

b.    Key Evidence in Opposition to Claim No. 3 ........................... 28

D.    Claim No. 4: Municipal Liability – Unconstitutional Policy, Practice, Custom under 42 U.S.C. § 1983 against City, Chief Moore and Sergeant McClean ................................................................................ 28

a.    Elements Required to Establish Claim No. 4 ................................ 28

b.    Key Evidence in Opposition to Claim No. 4 ........................... 29

E.    Claim No. 5: Municipal Liability – Ratification under 42 U.S.C. § 1983 against City, Chief Moore and Sergeant McClean ...................... 30

a.    Elements Required to Establish Claim No. 5 ................................ 30

b.    Key Evidence in Opposition to Claim No. 5 ........................... 30

F.    Claim No. 6: Municipal Liability – Failure to Train, Supervise, Discipline, or Correct under 42 U.S.C. § 1983 against City, Chief Moore and Sergeant McClean ............................................................ 30

a.    Elements Required to Establish Claim No. 6 ................................ 30

b.    Key Evidence in Opposition to Claim No. 6 ........................... 31

G.    Claim No. 7: Declaratory Relief under 42 U.S.C. § 1983 against All Defendants .................................................................................... 31

a.    Elements Required to Establish Claim No. 7 ................................ 31

b.    Key Evidence in Opposition to Claim No. 7 ........................... 31

Defendants' Defenses ....................................................................................... 31

i.    Defendants' Section ..................................................................... 31

A.    First Affirmative Defense: Plaintiff Has Failed to State a Claim .............. 31

a.    Elements Required to Establish First Affirmative Defense ............. 31

b.    Key Evidence in Support of the First Affirmative Defense ............. 32

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.    Second Affirmative Defense: Officer Defendants are Entitled to Qualified Immunity from Plaintiff's Section 1983 Claims ...................... 33

a.    Elements Required to Establish Second Affirmative Defense......... 33

b.    Key Evidence in Support of the Second Affirmative Defense ........ 33

ii.    Plaintiff's Section ................................................................. 33

Plaintiff's Position of Defendants' First Affirmative Defense ....................................... 33

Plaintiff's Position of Defendants' Second Affirmative Defense................................. 33

8.    ISSUES TO BE TRIED ........................................................................... 34

9.    DISCOVERY ............................................................................................ 34

10.   EXHIBITS................................................................................................. 34

Plaintiff objects to the following Exhibits ................................................ 34

Defendants object to the following Exhibits............................................. 77

11.   WITNESS LISTS..................................................................................... 92

12.   PENDING LEGAL AND EVIDENTIARY ISSUES............................. 93

a.    Plaintiff ....................................................................................... 93

b.    Defendants .................................................................................. 93

13.   BIFURCATION........................................................................................ 94

a.    Plaintiff ....................................................................................... 94

b.    Defendants .................................................................................. 94

14.   EFFECT OF ORDER................................................................................ 94

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

**1.    THE PARTIES**

a.    Plaintiff is Christian Pineda.

b.    Defendants are The City of Los Angeles, Michel Moore, Stephen McClean, and Colton Haney.

**2.    FEDERAL JURISDICTION**

a.    The Parties do not dispute jurisdiction or venue.  Federal jurisdiction and venue arise out of and are based upon 28 U.S.C. §§§ 1331, 1343 and 1391(b).

**3.    TRIAL LENGTH**

a.    Plaintiff: Four (4) days, or three (3) days excluding jury selection, opening statements, and closing statements.

b.    Defendants: Seven (7) days.

**4.    FORM OF TRIAL**

a.    The trial is to be a jury trial.

b.    At least seven (7) days prior to the trial date, the parties shall file and serve by email, fax, or for personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

**5.    FACTS ADMITTED**

a.    Facts admitted by Plaintiff: Plaintiff is Christian Pineda, resident of Los Angeles, California.

b.    Facts admitted by Defendant: Officer Haney and Sergeant McClean were

JOINT [PROPOSED] FINAL
PRETRIAL CONFERENCE ORDER                    -1-

1  acting under color of state law during the subject incident.  The subject incident

2  occurred on May 29, 2020 in downtown Los Angeles.

3

4  **6.**     **STIPULATED FACTS SUBJECT TO OBJECTION**

5        None.

6

7  **7.**     **CLAIMS AND DEFENSES**

8        The Parties do not agree on the elements of Plaintiff's claims. The Parties submit

9  the following respective sets of elements.

10       **a.**     **Plaintiff's Claims**

11              **i.**     **Plaintiff's Section**

12       Plaintiff contends that the elements of Plaintiff's claims are as follows:

13       **Claim 1**: Plaintiff Christian Pineda has claims for Excessive Force (42 U.S.C. §

14  1983 4th and 14th Amendments) against Defendants Haney and McClean.

15       **Elements Required to Establish Plaintiff's Claim No. 1:**

16       In order to prevail on his Excessive Force claims against Defendants Haney and

17  McClean, Plaintiff must establish the following elements by a preponderance of the

18  evidence:

19       (1)     Defendants Haney and/or McClean seized Plaintiff's person;

20       (2)     In seizing Plaintiff's person, Defendants Haney and/or McClean acted

21              intentionally; and

22       (3)     The seizure was unreasonable.

23       If the jury finds that Defendant Haney or Officer Michael Barragan used

24  excessive force, then in order to find Defendant McClean liable for excessive force, the

25  jury must also find that Defendant McClean was liable as a supervisor for Defendant

26  Haney's or Officer Barragan's acts. In order to prove this, Plaintiff must show that

27  Defendant McClean either (1) set in motion a series of acts resulting in Defendant

28  Haney's or Officer Barragan's excessive force or knowingly refused to terminate a

series of acts resulting in Defendant Haney's or Officer Barragan's excessive force, which he knew or reasonably should have known would cause Defendant Haney or Officer Barragan to inflict constitutional injury; (2) for his culpable action or inaction in training, supervision, or control of Defendant Haney or Officer Barragan; (3) for his acquiescence in the constitutional deprivation by Defendant Haney or Officer Barragan; or (4) for conduct that shows a reckless or callous indifference to the rights of Plaintiff.

A seizure occurs when force is applied intentionally to an individual or to a group of which the individual is a part. In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself or others. Therefore, in order to prove an unreasonable seizure in this case, the Plaintiff must prove by a preponderance of the evidence that Defendant Haney used excessive force against Plaintiff when Defendant Haney shot him.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. The jury must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to this inquiry, an officer's subjective intent or motive is not.

In determining whether the officer used excessive force in this case, the jury should consider all of the circumstances known to the officer on the scene, including:

1. the nature of the crime or other circumstances known to the officer at the time force was applied;

2. whether Plaintiff posed an immediate threat to the safety of the officer or to others;

3. whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances

1    during that period;

2    5.    the type and amount of force used;

3    6.    the availability of alternative methods to subdue Plaintiff;

4    7.    the number of lives at risk (motorists, pedestrians, police officers) and the

5          parties' relative culpability; i.e., which party created the dangerous

6          situation, and which party is more innocent;

7    8.    whether it was practical for the officer to give warning of the imminent use

8          of force, and whether such warning was given;

9    9.    whether a reasonable officer would have or should have accurately

10         perceived a mistaken fact; and

11   10.   whether there was probable cause for a reasonable officer to believe that

12         Plaintiff was committing a crime involving the infliction or threatened

13         infliction of serious physical harm.

14   "Probable cause" exists when, under all of the circumstances known to the officer

15   at the time, an objectively reasonable police officer would conclude there is a fair

16   probability that Plaintiff was committing a crime.

17   (Ninth Circuit Manual of Model Civil Jury Instructions §§ 9.20 & 9.25); *Starr v. Baca*,

18   652 F.3d 1202, 1207 (9th Cir. 2011); *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th

19   Cir. 2009); *Villanueva v. California*, 986 F.3d 1158, 1168 (9th Cir. 2021).

20   **Key Evidence:**

21   At around 4:00 p.m. on May 29, organizers and protesters arrived at Los Angeles

22   City Hall. There was no curfew in effect that day. Even though the prior two days of

23   "[p]rotests in Los Angeles ha[d] been largely peaceful," Defendant Chief Moore

24   nevertheless placed LAPD on "tactical alert" at 2:20 p.m. (before the May 29 protests

25   began), which "requires all on-duty personnel to remain on duty." According to LAPD

26   spokesperson Tony Im, this meant that many police officers were forced to work double

27   shifts.

28   Mr. Pineda's close friend Daniel Sosa invited Mr. Pineda to join him in

JOINT [PROPOSED] FINAL                              -4-
PRETRIAL CONFERENCE ORDER

downtown Los Angeles to in the form of peaceful protest. They parked near the Los Angeles Police Department headquarters. Mr. Pineda attended the protest to exercise his First Amendment right to publicly denounce George Floyd's killing and to protest police violence and racism. This was Mr. Pineda's first protest in over ten years. He had last protested for immigrants' rights when he was in high school.

Upon his arrival at Pershing Square, Mr. Pineda observed a large number of armed LAPD officers wearing riot gear and monitoring the peaceful crowd. Mr. Pineda protested peacefully at Pershing Square for approximately 30 minutes. As tensions rose at Pershing Square, a dispersal order was issued giving protesters ten minutes to leave the area of Fifth Street and Olive Avenue. Messrs. Pineda and Sosa immediately complied and left to continue protesting near the Staples Center.

After protesting peacefully for an hour in front of the Staples Center, Messrs. Pineda and Sosa walked two blocks to other side of the J.W. Marriott and continue their protest there. The protesters remained peaceful. After a short period of time in front of the J.W. Marriott, Messrs. Pineda and Sosa walked among a small group to the intersection of Seventh Street and Grand Avenue, where they and others continued to protest peacefully.

77th Division's Gang Enforcement Unit ("77th GEU") included Defendant Haney and was commanded by Defendant McClean. At about 7:00 p.m., the unit arrived in downtown Los Angeles, first setting up at the intersection of 8th and Broadway. No protesters were present, and no unlawful assembly declaration had been issued for that area, nor the area where Plaintiff would be shot by Defendant Haney. Defendant City admits this fact.

Though no protesters were present at their location, 77th GEU immediately requested authorization from the Incident Commander, Deputy Chief Vito Palazzolo, to fire 37mm projectile launchers at protesters. Despite 77th GEU having (and providing) no justification for using the 37mm launchers, the request was granted. 77th GEU would go on to fire dozens of 37mm rounds at protesters throughout the evening.

1    Then-29-year old Defendant Haney, a marine sniper with dozens of kills but no

2    crowd control experience, was excited and appeared ready for war. Shortly after

3    dispatching to 8th and Broadway, he exclaimed, "I brought this [super sock shotgun]

4    because I got 11, because I know the forty mils have what, 4 rounds 3 rounds?" When

5    asked under oath about this statement, Officer Haney lied, stating "Well, unfortunately,

6    I got stuck with the beanbag."

7        After standing around for 13 minutes, 77th GEU loaded up in their vehicles and

8    proceeded to the intersection of Olympic Boulevard and Francisco Street, where a small

9    group of peaceful protesters had gathered. As one of the protesters rode his bike in

10   circles, chanting "George Floyd!" Defendant Haney thrust his baton forward in

11   repetitive jabbing motions and joked to a fellow officer, "You ever seen a baton go

12   through the spokes of a bike?" After about seven minutes, 77th GEU proceeded to the

13   intersection of Georgia Street and James M. Wood Blvd, arriving at 7:30 p.m. The

14   officers proceed to push a crowd on foot eastbound on James M. Wood to the

15   intersection of James M. Wood and Francisco Street, again without any violence from

16   the crowd. By 8:11 p.m., 77th GEU was standing around without a protester in sight,

17   growing frustrated by the lack of "action," with one officer musing to Defendant Haney,

18   "just waiting for one rock or one bottle."

19       At 8:19 p.m., the officers loaded up in their vehicles and proceeded to the

20   intersection of 7th Street and Olive Avenue. Shortly after arriving, Sergeants McClean

21   and Gaxiola yelled "37s up!" and Defendant Haney, who did not have a 37mm

22   launcher, rushed westbound along 7th Street toward a skirmish line comprised of a

23   separate squad where he fired two rounds at a young Black man who was running away.

24       Defendant Haney returned to his squad, which remained well behind the skirmish

25   line. Moments later, Defendant McClean admonished Defendant Haney for leaving the

26   squad, but promised him that he would soon get his desired "trigger time." Sergeant

27   Gaxiola, Defendant McClean's second in command, chimed in, saying, "You can't just

28   run out there, guys. I know you guys wanna play but we got our squad."

77th GEU proceeded westbound to the intersection of 7th and Grand, cut across the intersection, and formed a skirmish line running east-west across the south side of the intersection. The group of protesters had dwindled to only about 50 individuals, appearing to be fewer than the number of officers present. Once at the intersection, 77th GEU stood around confused and frustrated, with Sergeant McClean stating, "There's two lieutenants here now and they can't make a decision." Defendant McClean admitted at his deposition that his frustration was misplaced, that his ire should've been focused on "the decision-makers," *i.e.*, "[t]he commanders in the airship" who were "giving us most of the direction." After about a minute of standing around, Defendant McClean ordered his officers to push the small group southbound on Grand and to "use the stick." His officers complied with his orders, striking protesters, including Mr. Pineda, with their batons.

During the sixty seconds leading up to and including his shooting by Defendant Haney, Mr. Pineda was 25 feet away from the skirmish line, walking backwards with his empty hands in the air. He chanted loudly and audibly to the Defendant officers, "No justice no peace! We have a right to protest! Hands up don't shoot! Come on bro shoot us, what the fuck are we doing? We have the right to protest! Is this America or is this a fucking communist country?" Hearing Mr. Pineda chanting, Defendant McClean yelled "37s up! 37s up!" Eleven seconds after Mr. Pineda asked, "Is this America or is this a fucking communist country?" Defendant Haney shot him. Mr. Pineda's clearly empty hands were in the air. Meanwhile, other officers on the skirmish line fired at least ten 37mm rounds (*i.e.*, thirty foam batons) at the group.

Defendant Haney's super sock round seared holes through Plaintiff's jacket and t-shirt, leaving a bloody welt the diameter of a billiard ball. Upon getting shot, Mr. Pineda ran back to his friend Daniel Sosa yelling, "I got shot! I got shot! I got shot bro! I got shot! I'm in pain! They fucking shot me!" He collapsed on the ground and writhed in agony. Another protester encouraged him to get up, but he couldn't, stating "Nah let them take me!" A man approached, identifying himself as a medic. Mr. Pineda told

1  him, "I feel like I'm going into shock! I can't stop shaking!" Two more men arrived and

2  helped Mr. Pineda up off the ground while he screamed in pain.

3      Seeing this group of good Samaritans helping the man he had just shot,

4  Defendant Haney asked another officer, "Hey! What are they picking up over there?"

5  The officer replied, "Uh, it looks like a citizen down, protester down." Defendant

6  Haney responded only, "Oh okay," and proceeded to reload his shotgun. Neither he, nor

7  Defendant McClean, nor any other LAPD officer attempted to assist Mr. Pineda.

8      Moments later Mr. Pineda hobbled over to the officers on the skirmish line,

9  cursing, screaming, and lifting his shirt to show them his bloody wound. The officers

10  vastly outnumbered the small group of protesters, but they offered Mr. Pineda no

11  medical assistance. Instead, they continued to strike protesters with their batons and

12  again began firing their weapons into the group. Afraid, Mr. Pineda and Mr. Sosa fled.

13  It was not until after Messrs. Pineda and Sosa went home that the LAPD declared an

14  unlawful assembly for downtown.

15      Mr. Pineda suffered significant physical pain and psychological suffering as a

16  result of the aforementioned acts and failures to act of Defendants. The wound caused

17  by the "super sock" round with which Defendant Haney shot him broke, bled, bruised,

18  and scabbed. For two months, Mr. Pineda felt like his insides had been rearranged by

19  the projectile, and he suffered from tingling extremities, shortness of breath, and chest

20  pain. The impact left a permanent scar on Mr. Pineda's abdomen. Since the incident,

21  Mr. Pineda has suffered from loss of sleep, anxiety, fear, and anger. He is now

22  extremely fearful of police officers and often has flashbacks of the attack, re-

23  experiencing the trauma all over again. The incident caused Mr. Pineda to suffer from

24  Adjustment Disorder with Anxiety.

25      At no point prior to Mr. Pineda's shooting did Defendants declare an unlawful

26  assembly or issue a dispersal order for the area where he was shot. Defendant City of

27  Los Angeles' own deposition and interrogatory responses alongside the total absence of

28  video or audio of such an order confirm this. Even if Defendants had issued a dispersal

order (they did not), it would not justify Defendant Haney's actions, as the super sock shotgun is a target-specific weapon that can be used only on "aggressive and/or combative subjects" where warnings are given before discharge. Unfortunately, LAPD training materials fail to state what "aggressive and combative" means.

According to Plaintiff's expert Roger Clark, the LAPD's actions were "in violation of well-known law enforcement tactics," and LAPD's policy regarding the use of impact weapons "provided inadequate guidance to officers on use of the weapons in protest situations." According to Mr. Clark, "the lack of adequate policy and training regarding the use of these powerful weapons, as well as a failure to prepare formal rules of engagement regarding the use of weapons at the protest, likely contributed to the officers' improper use of impact munitions."

According to LAPD training and policy, officers are not required to provide medical care to individuals who have been struck by less lethal weapons, so long as they are not placed into LAPD custody. LAPD also fails to provide its officers with any training the harm that can arise from the use of less lethal weapons. And despite ostensibly requiring annual recertifications to deploy the 37mm launcher, the LAPD requires only that officers certify once, in the academy, in order to deploy the much more dangerous super sock shotgun at any point during the rest of their careers.

Per LAPD policy, "[a]n officer shall, when feasible, give a verbal warning prior to using the Beanbag Shotgun to control an individual. The warning is not required when an officer is attacked and must respond to the suspect's actions. Additionally, if a tactical plan requires the element of surprise to stabilize the situation, a warning is not required." Yet the dozens of hours of bodyworn video produced in this case show that Defendants clearly treat the warning requirement as the exception, not the rule. LAPD policy also ostensibly requires that "[t]he use or non-use of the warning shall be documented," including "an explanation and appropriate justification for not using the warning." But the Form 214 produced in this case does not reflect a warning being issued before the use of less lethal weapons, nor does it reflect any justification for this

1    failure.

2         LAPD policy also requires that "a use of force that occurs during a crowd control

3    situation … shall be reported to the immediate supervisor as soon as practical" and

4    "[t]he concerned supervisor shall document such incidents on an ICS 214 form." The

5    LAPD also has a Form 314, which is intended to correct incomplete and inaccurate

6    Form 214s. Despite Defendant Haney's admissions regarding his firing of a super sock

7    shotgun between 7th and 8th Streets on Grand Avenue (*i.e.*, his shooting of Plaintiff),

8    Defendant Haney failed to report the shooting to Defendant McClean. No amended

9    Form 214 was ever filed.

10         Additionally, officers' responsibilities to request an ambulance for a person

11   injured were not delineated in the department manual at the time, nor was the

12   requirement to report potential excessive force.

13         Despite the wild aggression displayed by 77th GEU in its response to the May 29,

14   2020 protests, despite Defendant Haney's shooting of Plaintiff and failure to report

15   same, and despite the litany of failures to comply with law and completely unenforced

16   policy on his part and the part of 77th GEU under the direction of Defendant McClean,

17   both received commendations for their "excellent display[s] of leadership,

18   professionalism, and commitment to our community for the Los Angeles 'civil unrest.'"

19         On June 30, 2020, the Los Angeles City Council ("City Council") approved a

20   motion directing the LAPD to prepare an After-Action Report reviewing the LAPD's

21   actions during the May-June 2020 protests. The City Council requested that Gerald

22   Chaleff, the author of LAPD's review of the 2007 May Day protests, lead the review.

23   The LAPD ultimately decided to conduct its own after-action review.

24         In July 2020, the Los Angeles Board of Police Commissioners asked the National

25   Police Foundation ("NPF") to conduct an after-action review assessment, and analysis

26   of the LAPD's actions during the May-June 2020 protests. The Los Angeles Police

27   Foundation funded the National Police Foundation's after-action review.

28         Mr. Chaleff and his review team prepared "An Independent Examination of the

JOINT [PROPOSED] FINAL
PRETRIAL CONFERENCE ORDER                    -10-

1  Los Angeles Police Department 2020 Protest Response," ("Chaleff's After-Action
2  Report"), which was transmitted to the City Council on March 10, 2021. LAPD's after-
3  action report, "SAFE LA Civil Unrest 2020 After Action Report," ("LAPD Internal
4  After-Action Report") was released on April 9, 2021.

5       The National Police Foundation's Report, "A Crisis of Trust: A National Police
6  Foundation Report to the Los Angeles Board of Police Commissioners on the Los
7  Angeles Police Department Response to First Amendment Assemblies and Protests
8  Occurring May 27 – June 7, 2020" ("NPF After-Action Report) was released on April
9  9, 2021.

10      According to Independent Counsel Gerard Chaleff, Defendant City of Los
11 Angeles has a history of legal settlements and agreements that it entered into after
12 lawsuits were filed in connection with police conduct at large events: in 2000
13 (Democratic National Convention); 2007 (MacArthur Park incident); 2011 (Occupy
14 LA); and 2014 (Ferguson demonstrations). In each settlement, there were mandates that
15 the Department correct policy, procedures, and training regarding various components
16 of the management of protests and demonstrations. The Department did not maintain
17 some of the requirements from these prior settlement agreements, which in turn caused
18 problems for the Department in 2020. Crowd control, mobile field force, mass arrest
19 procedures and less lethal training were all insufficient.

20      Mr. Chaleff also documented the following deficiencies by the LAPD on May 29,
21 2020 and throughout the protests:

22     (1)    When the Department did begin to set up a command post, on Friday, May
23          29, the assigned personnel did not have the experience or training to
24          execute what needed to be done to successfully run a command post.

25     (2)    The Department did not adequately prepare the Department command staff
26          for events such as those faced in May-June.

27     (3)    The Department did not, or was not able to, isolate and arrest those
28          criminal elements who were throwing objects, creating violence, or looting

due in part to the use of antiquated tactics and lack of training on public order policing.

(4)    The Department failed to maintain requirements from prior settlement agreements related to protest response, which in turned caused problems for the Department in 2020.

(5)    Preparedness demands that an organization plan, organize, train, exercise, and evaluate performance before any event actually occurs. As such, training and exercising that at one time had been implemented should have been sustained within the Department over the years, but were not.

(6)    There was a lack of a unified message from City leaders to de-escalate the violence so that peaceful protestors could exercise their First Amendment rights.

(7)    There was a lack of firm executive-level direction to the Department command officers to prepare and plan for potential widespread civil unrest and demonstrations which contributed to the problems.

(8)    There was a lack of training to properly prepare command officers for managing large crowds with the possibility of civil unrest and many command officers stated they did not feel confident in handling these incidents.

(9)    The deployment of less lethal munitions was not always done at the direction of a supervisor or officer. In some instances, officers were directed to be in front of a skirmish line and left to deploy less lethal tools with no direction or coordination.

(10)    Annual, hands on training on public order policing for command staff diminished over time resulting in many command staff in 2020 not being prepared for the civil unrest.

The Chaleff After-Action Report issued numerous recommendations as a result of the Department's failures during the May-June 2020 protests.

The NPF After-Action Report lists 22 findings, which include:

a.      LAPD's policies and practices "were inadequate to handle the disparate groups, or to identify leaders amongst the protesters and address the level of violence."

b.      "Some LAPD personnel had not been provided contemporary training on crowd management, mobile field force, supervision, deescalation, or the use of less-lethal instruments prior to the First Amendment assemblies and demonstrations from May 27 through June 7, 2020. Many of the LAPD training bulletins, courses, and directives related to crowd management and control were outdated."

c.      LAPD "do[es] not have one policy directing response specifically to large scale, fluid, city-wide civil unrest that turns violent or contains violence."

d.      Communication "between the Chief, his command staff, bureau commanders and field supervisors, and line officers" was inconsistent and "created significant challenges regarding: (a) identifying a cogent operating philosophy; (b) determining operations during individual shifts, including when shifts started and ended; and, (c) establishing coordination and consistency between shifts." This "impacted every component of the LAPD response" to the protests.

The NPF After-Action Report also issued numerous recommendations as a result of the Department's failures during the May-June 2020 protests.

According to the LAPD, officers deployed 11,305 rounds of "less-lethal munitions" during the May-June protests, comprised of:

a.      4,377 37mm projectile rounds

b.      2,621 40mm projectile rounds

c.      4,307 beanbag shotgun rounds

The LAPD's Internal After-Action Report list recommendations in twenty-six areas of improvement. Some of these recommendations highlighted the LAPD's inadequate command and control training and deficiencies regarding communications and unity of command.

One specific recommendation is: "The Department used a significant amount of

less-lethal munitions to protect the City and restore order. The Department should continue to research and seek best practices related to the deployment of less lethal munitions. This should include an examination of the Department's current less lethal capabilities and new available technologies. A clear understanding regarding when to deploy less-lethal and the level of approval necessary should be reiterated and clarified to avoid confusion. When less-lethal is deployed, when available it should be used in conjunction with BWV to capture the activity leading up to the decision to use less-lethal. Officers trained in less-lethal should attend annual weapons manipulation training."

Despite all evidence to contrary, Chief Moore stated that the "vast majority of [LAPD] personnel performed admirably" during the protests in his letter to the Police Commission accompanying the LAPD Internal After-Action Report.

The Office of the Inspector General received 2,850 personnel complaints related to the protests. The SAFE LA Task Force initiated 210 complaint investigations, of which 73 were related to excessive use of force. As of April 9, 2021, 33 of these investigations were reviewed and no allegations of unauthorized use of force were sustained.

In the years preceding the May-June 2020 protests, the City has settled numerous class action lawsuits alleging that LAPD officers used unreasonable and excessive force against peaceful protestors in violation of their First and Fourth Amendment rights. Defendant Moore, and the members of his command staff to whom he has delegated responsibility to enact and implement lawful policies on the use of force, public order policing, dispersal orders, and declarations of unlawful assembly, are aware of the ongoing unlawful policies, practices, and customs of the City and the LAPD which resulted in these settlements. They are also aware of the requirements that the settlements imposed on them. But despite them, the unlawful policies, practices, and customs continue under the City and Chief Moore's command and caused the harm suffered by Mr. Pineda in this case.

**Claim 2:** Plaintiff Christian Pineda has claims for Failure to Intervene (4th and 14th Amendments; 42 U.S.C. § 1983) against Defendant McClean.

**Elements Required to Establish Plaintiff's Claim No. 2:**

Plaintiff contends that Defendant Haney violated Plaintiff's rights under the Fourth Amendment to the United States Constitution as incorporated against the states by the Fourteenth Amendment and that Defendant McClean should be held liable for that violation because he failed to intervene to stop the violation.

Defendant McClean is liable for that violation if Plaintiff proves all of the following by a preponderance of the evidence:

    (1)    Defendant Haney violated Plaintiff's rights under the United States Constitution;

    (2)    Defendants McClean had a duty to intervene. Among other things, police officers have a duty to intervene to prevent the use of excessive force by a fellow officer;

    (3)    Defendant McClean had a reasonable opportunity to intervene;

    (4)    Defendant McClean failed to intervene.

(Third Circuit Model Jury Instruction § 4.6.2 – Failure to Intervene).

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 3:** Plaintiff Christian Pineda has claims for Freedom of Speech (1st and 14th Amendments; 42 U.S.C. § 1983) Against Defendants Haney and McClean.

**Elements Required to Establish Plaintiff's Claim No. 3:**

In order to prevail on his Excessive Force claims against Defendants Haney and McClean, Plaintiff must establish the following elements by a preponderance of the evidence:

    (1)    Plaintiff was engaged in constitutionally protected activity;

    (2)    The actions of Defendants Haney and/or McClean against Plaintiff would

chill a person of ordinary firmness from continuing to engage in the
protected activity; and

(3)   Plaintiff's protected activity was a substantial or motivating factor in
Defendants' conduct.

Public demonstrations and protests are constitutionally protected activity.
"Ordinary firmness" is an objective standard that will not allow a defendant to escape
liability for a First Amendment violation merely because an unusually determined
plaintiff persists in his protected activity. A substantial or motivating factor is a
significant factor, though not necessarily the only factor.

If the plaintiff establishes each of the foregoing elements, the burden shifts to the
defendant to demonstrate that the defendant would have taken the action(s) in question,
even in the absence of any motive to retaliate against the plaintiff. If the jury finds that
the defendant is able to demonstrate this, the jury must find for the defendant. If the jury
finds that the defendant is not able to demonstrate this, the jury must find for the
plaintiff.

(Ninth Circuit Model Jury Instruction § 9.11); *Index Newspapers LLC v. United States
Marshals Serv.*, 977 F.3d 817, 830 (9th Cir. 2020); *Mendocino Envtl. Ctr. v. Mendocino
Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the
evidence that supports Plaintiff's First Claim for relief.

**Claim 4(a):** Plaintiff Christian Pineda has claims for Municipal Liability—
Unconstitutional Policy, Practice, Custom (42 U.S.C. § 1983) against Defendant City.

**Elements Required to Establish Plaintiff's Claim No. 4(a):**

In order to prevail on his Municipal Liability—Unconstitutional Policy, Practice,
Custom claim against Defendant City, Plaintiff must establish the following elements
by a preponderance of the evidence:

(1)   Defendants Haney, McClean, and/or Moore acted under color of state law;

(2)    The acts of Defendants Haney, McClean, and/or Moore deprived Plaintiff of his particular rights under the laws of the United States and/or the United States Constitution;

(3)    Defendants Haney, McClean, and/or Moore acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant City of Los Angeles; and

(4)    Defendant City's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights; that is, Defendants City's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

(Ninth Circuit Model Jury Instruction § 9.5)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 4(b):** Plaintiff Christian Pineda has a claim for Municipal Liability—Act of Final Policymaker (42 U.S.C. § 1983) against Defendant City.

**Elements Required to Establish Plaintiff's Claim No. 4(b):**

In order to prevail on his Municipal Liability—Acts of Final Policymaker claim against Defendant City, Plaintiff must establish the following elements by a preponderance of the evidence:

(1)    Defendants Moore and/or McClean acted under color of state law;

(2)    The acts of Defendants Moore and/or McClean deprived Plaintiff of his particular rights under the laws of the United States and/or the United States Constitution;

(3)    Defendants Moore and/or McClean had final policymaking authority from Defendant City;

(4)    When Defendants Moore and/or McClean engaged in these acts, he/they

was/were acting as a final policymaker for Defendant City; and

(5)   The acts of Defendants Moore and/or McClean caused the deprivation of Plaintiff's rights, that is, Defendants Moore and/or McClean's acts were so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

(Ninth Circuit Model Jury Instruction § 9.6)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 4(c):** Plaintiff Christian Pineda has a claim for Municipal Liability—Policy That Fails to Prevent Violations of Law against Defendant City.

**Elements Required to Establish Plaintiff's Claim No. 4(c):**

In order to prevail on his Municipal Liability—Policy That Fails to Prevent Violations of Law claim against Defendant City, Plaintiff must establish the following elements by a preponderance of the evidence:

(1)   The acts and/or failures to act of Defendants Haney, McClean, and/or Moore deprived Plaintiff of his particular rights under the laws of the United States and/or United States Constitution;

(2)   Defendants Haney, McClean, and/or Moore acted under color of state law;

(3)   The policies of Defendant City were not adequate to prevent violations of law by its police officers;

(4)   Defendant City was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its police officers;

(5)   The failure of Defendant City to prevent violations of law by its police officers caused the deprivation of Plaintiff's rights by Defendants Haney, McClean, and/or Moore; that is, Defendant City's failure to prevent violations of law by its police officers played a substantial part in bringing about or actually causing the injury or damage to Plaintiff.

(Ninth Circuit Model Jury Instruction § 9.8)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 5:** Plaintiff Christian Pineda has a claim for Municipal Liability—Ratification (42 U.S.C. § 1983) against Defendant City.

**Elements Required to Establish Plaintiff's Claim No. 5:**

In order to prevail on his Municipal Liability—Ratification claim against Defendant City, Plaintiff must establish the following elements by a preponderance of the evidence:

(1)     Defendants Haney, McClean, and/or Moore acted under color of state law;

(2)     The acts of Defendants Haney, McClean, Moore deprived Plaintiff of his particular rights under the laws of the United States and/or the United States Constitution;

(3)     Defendant City, by and through a final policymaker, acted under color of state law;

(4)     The final policymaker ratifying the acts and/or failures to act of Defendants Haney, McClean, and/or Moore had final policymaking authority from Defendant City; and

(5)     The final policymaker ratified the acts and/or failures to act of Defendants Haney, McClean and/or Moore, that is, the final policymaker knew of and specifically made a deliberate choice to approve their acts and/or failures to act and the bases for them.

A final policymaker may approve of acts and/or failures to act by failing to investigate and/or by knowingly conducting an inadequate investigation.

(Ninth Circuit Model Jury Instruction § 9.6); *Larez v. Los Angeles*, 946 F.2d 630, 646-49 (9th Cir. 1991); *German v. Roberts*, No. C15-5237 BHS-DWC, 2017 U.S. Dist. LEXIS 126383, at *8-9 (W.D. Wash. Aug. 9, 2017).

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 6(a):** Plaintiff Christian Pineda has claims for Municipal Liability—Failure to Train (42 U.S.C. § 1983) against Defendant City.

**Elements Required to Establish Plaintiff's Claim No. 6(a):**

In order to prevail on his Municipal Liability—Failure to Train claim against Defendant City, Plaintiff must establish the following elements by a preponderance of the evidence:

(6)    The acts and/or failures to act of Defendants Haney, McClean, and/or Moore deprived Plaintiff of his particular rights under the laws of the United States and/or the United States Constitution;

(7)    Defendants Haney, McClean, and/or Moore acted under color of state law;

(8)    The training policies of Defendant City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

(9)    Defendant City was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately;

(10)   The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by Defendants Haney, McClean, and/or Moore; that is, Defendant City's failure to adequately train played a substantial part in bringing about or actually causing the injury or damage to Plaintiff.

(Ninth Circuit Model Jury Instruction § 9.8)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 6(b):** Plaintiff Christian Pineda has claims for Failure to Train, Supervise,

1    Discipline, or Correct (42 U.S.C. § 1983) against Defendant Moore.

2    **Elements Required to Establish Plaintiff's Claim No. 6(b):**

3        In order to prevail on his Failure to Supervise, Discipline, Train or Correct claim

4    against Defendant Moore, Plaintiff must establish the following elements 1-2 and any

5    one of elements 3-7 by a preponderance of the evidence:

6    (1)    Defendant Moore acted under color of state law;

7    (2)    The acts and/or failures to act of Defendant Haney and/or McClean

8            deprived Plaintiff of his particular rights under the laws of the United

9            States and/or the United States Constitution;

10   (3)    Defendant Moore directed his subordinates in the acts and/or failures to act

11           that deprived Plaintiff of his rights; *or*

12   (4)    Defendant Moore set in motion a series of acts by his subordinates, or

13           knowingly refused to terminate a series of acts by his subordinates, that he

14           knew or reasonably should have known would cause the subordinates to

15           deprive Plaintiff of his rights; *or*

16   (5)    Defendant Moore knew that his subordinates were engaging in these acts

17           and knew or reasonably should have known that the subordinates' conduct

18           would deprive Plaintiff of his rights and Defendant Moore failed to act to

19           prevent his subordinates from engaging in such conduct; *or*

20   (6)    Defendant Moore disregarded the known or obvious consequence that a

21           particular training deficiency or omission would cause his subordinates to

22           deprive Plaintiff of his rights and that deficiency or omission actually

23           caused his subordinates to deprive Plaintiff of his rights; *or*

24   (7)    Defendant Moore engaged in conduct that showed a reckless or callous

25           indifference to the deprivation of the rights of others caused by his

26           subordinates, and Defendant Moore's conduct was so closely related to the

27           deprivation of Plaintiff's rights as to be the moving force that caused the

28           ultimate injury.

(Ninth Circuit Model Jury Instruction § 9.4)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 6(c):** Plaintiff Christian Pineda has claims for Failure to Train, Supervise, Discipline, or Correct (42 U.S.C. § 1983) against Defendant McClean.

**Elements Required to Establish Plaintiff's Claim No. 6(c):**

In order to prevail on his Failure to Supervise, Discipline, or Correct claim against Defendant McClean, Plaintiff must establish the following elements 1-2 and any one of elements 3-7 by a preponderance of the evidence:

In order to prevail on his Failure to Supervise, Discipline, or Correct claim against Defendant City, Plaintiff must establish the following elements 1-2 and any one of elements 3-7 by a preponderance of the evidence:

   (1)   Defendant McClean acted under color of state law;

   (2)   The acts and/or failures to act of Defendant Haney and/or Officer Michael Barragan deprived Plaintiff of his particular rights under the laws of the United States and/or the United States Constitution;

   (3)   Defendant McClean directed his subordinates in the acts and/or failures to act that deprived Plaintiff of his rights; *or*

   (4)   Defendant McClean set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates, that he knew or reasonably should have known would cause the subordinates to deprive Plaintiff of his rights; *or*

   (5)   Defendant McClean knew that his subordinates were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive Plaintiff of his rights and Defendant McClean failed to act to prevent his subordinates from engaging in such conduct; *or*

   (6)   Defendant McClean disregarded the known or obvious consequence that a

particular training deficiency or omission would cause his subordinates to deprive Plaintiff of his rights and that deficiency or omission actually caused his subordinates to deprive Plaintiff of his rights; *or*

(7)     Defendant McClean engaged in conduct that showed a reckless or callous indifference to the deprivation of the rights of others caused by his subordinates, and Defendant McClean's conduct was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

(Ninth Circuit Model Jury Instruction § 9.4)

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**Claim 7:** Plaintiff has a claim for Declaratory Relief against all Defendants.

**Elements Required to Establish Plaintiff's Claim No. 7:**

In order to prevail on his claim for declaratory relief against all Defendants, Plaintiff must establish the following elements:

(1) Plaintiff was harmed by the actions of one or more Defendants;

(2) There is a sufficient likelihood that Plaintiff will be harmed again in a similar way if he attends a protest in the future.

*(Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002))

**Key Evidence:**

Plaintiff's key evidence in support of this claim is similar, if not identical to the evidence that supports Plaintiff's First Claim for relief.

**ii.     Defendants' Section**

Defendants contend that the elements of Plaintiff's claims are as follows:

**A.     Claim No. 1: Excessive Force (4th and 14th Amendments under 24 U.S.C. § 1983) against Officer Haney and Sergeant McClean:**

a.     Elements Required to Establish Claim No. 1:

(1)     The officers acted under color of state law;

(2)     The officers seized plaintiff's person;

(3)     In seizing plaintiff's person, the officers acted intentionally;

(4)     The seizure was unreasonable; and

(5)     The officers did not use objectively reasonable force against plaintiff under the circumstances.

(1)     *See* Ninth Circuit Model Civil Jury Instructions §§ 9.1, 9.3, 9.20, 9.25.

    b.     Key Evidence in Opposition to Claim No. 1:

Defendants dispute Plaintiff's Key Evidence stated in Plaintiff's Section above. Defendants' Key Evidence is stated below:

This matter arises from an incident which occurred on May 29, 2020, while Plaintiff was protesting for awareness of the Black Lives Matter movement in Downtown Los Angeles.  Plaintiff claims he was shot in the left side above his belt line by a less-lethal super sock projectile. Plaintiff suffered a circular abrasion to his left side, but did not seek any medical treatment following this incident until April 2022.

In late May and early June 2020, protests in support of the Black Lives Matter movement were occurring around the country, including in Downtown Los Angeles. On May 29, 2020, a protest took place in Downtown Los Angeles. Plaintiff was participating in the protest. Though the protest may have started peacefully, by 7:00 PM the crowd Plaintiff was with at Pershing Square became violent and disorderly. An unlawful assembly was declared, and a dispersal order was given over a loudspeaker beginning at 7:03 PM. Plaintiff was captured on video standing approximately 10-20 yards from the loudspeaker. The dispersal order is clearly heard on the video. Plaintiff is observed and heard shouting back in defiance to the dispersal order being announced. The dispersal order announced in English and Spanish that an unlawful assembly had been declared and that the crowd needed to disperse from Pershing Square. The order further announced that if the crowd dispersed and reformed in another part of

downtown Los Angeles, they would be subject to arrest. The dispersal order also advised that if the crowd did not disperse, they may be subject to use of less lethal munitions and potentially injured.

Plaintiff ignored the dispersal order and remained in downtown Los Angeles with the crowd. The crowd and Plaintiff wove their way to Figueroa Street and then pressed South to Olympic. Members of the crowd to took over the 110 freeway. Officers caught up to the crowd and blocked some of the crowd from gaining access to the 110 freeway.

News media showed video of the chaos unfolding on the 110 freeway and throughout the night providing numerous accounts of looting, vandalism to police vehicles and businesses, setting of fires, fireworks shot at officers, and rocks, bottles and other projectiles being thrown at officers.

Sergeant McClean and Officer Haney were among the officers who responded to Pershing Square and subsequently James M. Wood Blvd./9th Street and Georgia Street near the northbound 110 freeway entrance to prevent the remainder of the crowd from entering the 110 freeway. While at that location Sergeant McClean gave another dispersal order using the loudspeaker of his patrol vehicle ordering the crowd to disperse at 7:58 PM. Plaintiff's deposition testimony confirms that he walked from Olympic to James M. Wood Blvd. via Francisco Street, a block away from where Sergeant McClean's dispersal order was announced over the loudspeaker of his patrol vehicle.

Plaintiff and the lawless crowd with him made their way East on James M. Wood Blvd./9th Street to Figueroa and turned left northbound at Figueroa after passing the Original Pantry Cafe. Plaintiff and the crowd of more than 200 made their way to 7th Street and Grand.

Sergeant McClean and Officer Haney drove from 9th Street to 7th Street and Olive Street. They encountered the hostile crowd attempting to advance on 7th Street from Grand Avenue towards Olive Street. Officer body worn camera video depicts bottles, fireworks, and other projectiles thrown from the crowd at the officers. A firework was

fired at the officers and struck Detective Jude Bella in the head knocking off his helmet and knocking him to the ground.

Officer body worn camera video confirms the following facts which are not reasonably in dispute.  At 8:38:04 PM, the crowd throws glass bottles at the officers. Glass is  heard shattering on the ground. Glass shards strike and cut Sergeant Christopher Burke on the hand. At 8:38:24 PM, Officer Colton Haney identifies another individual with a bottle. Officer Haney shines his flashlight on the individual. Officer Haney then tells his partner to continue to illuminate the individual with the bottle. He then stows his flashlight and baton on his Sam Brown belt to retrieve his less lethal supper sock bean bag shotgun strapped to his shoulder at 8:38:47 PM. Sergeant McClean calls for 37 MM's up at 8:39:07 PM. At 8:39:08 PM, radio traffic is heard announcing that an officer is down from a bottle. 37 MM rounds fire at 8:39:12 PM and 8:39:13 PM. Officer Haney fires a single bean bag round at 8:39:15 PM in the direction where he had previously identified and illuminated the individual with a bottle. Officer Haney confirmed in his testimony that he never targeted Plaintiff and that when he fired, he was firing at the individual that he had identified with a bottle. Defendants contend that if Plaintiff was struck by a super sock bean bag less lethal fired by Officer Haney, it was unintentional and did not constitute a "seizure" under the Fourth Amendment.

The available videos, including news media, social media and officer body worn camera videos at the scene of the protest provides undisputable evidence that the crowd was unlawful and was not complying with the orders of the officers to leave the area. Further, the videos show the crowd was repeatedly throwing objects at the police officers, including fireworks, bottles, rocks, road signs, cones, and other debris.

                    (1)    An unlawful assembly was declared and dispersal orders were given.

                    (2)    Mr. Pineda was present at the time of the dispersal order at Pershing Square.

(3)   Mr. Pineda did not comply with the dispersal order.

(4)   The crowd with Mr. Pineda was throwing bottles, fireworks and other items at the officers.

(5)   Officer Haney fired a less lethal super sock round at an individual he identified with a bottle. Mr. Pineda was not Officer Haney's intended target.

(6)   Officer Haney's use of force was reasonable based on the totality of the circumstances that Officer Haney and other officers faced.

(7)   Plaintiff has failed to show an underlying constitutional injury.

(8)   Plaintiff was not engaged in a constitutionally protected activity after the unlawful assembly was declared and the dispersal order was given.

(9)   The officers were attempting to disperse the unruly crowd and restore order after the unlawful assembly was declared and the dispersal order was given.

**B.**   **Claim No. 2: Failure to Intervene (4th and 14th Amendments under 24 U.S.C. § 1983) against Sergeant McClean:**

a.   Elements Required to Establish Claim No. 2:

(1)   Whether Officer Haney used excessive force when Officer Haney fired a less lethal super sock round at an individual he identified with a bottle;

(2)   Whether Officer Haney's and Sergeant McClean's actions were unreasonable under all the circumstances known to them at the time;

(3)   Whether Sergeant McClean had an opportunity to intercede;

(4)   Whether Sergeant McClean failed to act to prevent Officer Haney's alleged excessive use of force.

(See Ninth Cir. Manual of Model Civil Jury Instructions No. 9.25, 9.3 (2017); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000))

    b.   Key Evidence in Opposition to Claim No. 2:

       (1)   Same as Defendants' Key Evidence Claim No. 1.

       (2)   Plaintiff is unable to show a Fourth Amendment or Fourteenth Amendment violation occurred.

**C.   Claim No. 3: Freedom of Speech (1st and 14th Amendments under 24 U.S.C. § 1983) against Officer Haney and Sergeant McClean**

    a.   Elements Required to Establish Claim No. 3:

       (1)   The officers acted under color of state law;

       (2)   Plaintiff was engaged in a constitutionally protected activity;

       (3)   The officers' actions against plaintiff would chill a person of ordinary firmness from continuing to engage in that protected activity; and

       (4)   Plaintiff's protected activity was a substantial or motivating factor in the officers' conduct.

*See* Ninth Circuit Model Civil Jury Instructions §§ 9.1, 9.3, 9.11.

    b.   Key Evidence in Opposition to Claim No. 3:

       (1)   Same as Defendants' Key Evidence Claim No. 1.

       (2)   Plaintiff is unable to show a First Amendment violation occurred.

**D.   Claim No. 4: Municipal Liability – Unconstitutional Policy, Practice, Custom under 42 U.S.C. § 1983 against City, Chief Moore and Sergeant McClean:**

    a.   Elements Required to Establish Claim No. 4:

       (1)   The officer defendants acted under color of state law;

       (2)   The acts of the officer defendants deprived the plaintiff of his Fourteenth Amendment rights under the United States

Constitution;

(3)   The officer defendants acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the County; and

(4)   The City's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the officer defendants.

See Ninth Circuit Model Civil Jury Instructions § 9.5.

b.   Key Evidence in Opposition to Claim No. 4:

(1)   Same as Defendants' Key Evidence Claim No. 1.

(2)   An unlawful assembly was declared and dispersal orders were given.

(3)   Mr. Pineda was present at the time of the dispersal order at Pershing Square.

(4)   Mr. Pineda did not comply with the dispersal order.

(5)   The crowd with Mr. Pineda was throwing bottles, fireworks and other items at the officers.

(6)   Officer Haney fired a less lethal super sock round at an individual he identified with a bottle. Mr. Pineda was not Officer Haney's intended target.

(7)   Officer Haney's use of force was reasonable based on the totality of the circumstances that Officer Haney faced.

(8)   Plaintiff has failed to show an underlying constitutional injury.

(9)   Plaintiff is unable to show a 4th Amendment violation occurred.

(10)  Plaintiff has no evidence of any custom, practice or policy that caused any injury to him.

1

**E.**     **Claim No. 5:** Municipal Liability – Ratification under <u>42 U.S.C. § 1983</u>

2

**against City, Chief Moore and Sergeant McClean:**

3

a.     <u>Elements Required to Establish Claim No. 5:</u>

4

(1)     The Officer Defendants acted under color of state law;

5

(2)     The acts of the Officer Defendants deprived Plaintiff of a

6

Constitutional right under the United States Constitution;

7

(3)     A final policymaker for the City had final policymaking

8

authority from the City concerning the acts of the Officer

9

Defendants; and

10

(4)     The final policymaker ratified the Officer Defendants' acts.

11

*See* Ninth Circuit Model Civil Jury Instructions § 9.7.

12

b.     <u>Key Evidence in Opposition to Claim No. 5:</u>

13

(1)     Same as Defendants' Key Evidence Claim No. 1.

14

(2)     Plaintiff has no evidence of any ratification.

15

**F.**     **Claim No. 6:** Municipal Liability – Failure to Train, Supervise,

16

**Discipline, or Correct under <u>42 U.S.C. § 1983</u> against City, Chief**

17

**Moore and Sergeant McClean:**

18

a.     <u>Elements Required to Establish Claim No. 6:</u>

19

(1)     The acts of Officer Defendants deprived Plaintiff of a

20

Constitutional right under the United States Constitution;

21

(2)     The Officer Defendants acted under color of state law;

22

(3)     The training policies of the City were not adequate to train its

23

police officers to handle the usual and recurring situations

24

with which they must deal;

25

(4)     The City was deliberately indifferent to the known or obvious

26

consequences of its failure to train its police officers

27

adequately; and

28

(5)     The failure of the City to provide adequate training caused the

deprivation of Plaintiff's Fourteenth Amendment rights under the United States Constitution.

*See* Ninth Circuit Model Civil Jury Instructions § 9.8.

    b.    <u>Key Evidence in Opposition to Claim No. 6:</u>

        (1)    Same as Defendants' Key Evidence Claim No. 1.

        (2)    Plaintiff has no evidence of any failure to train that caused any injury to him.

**G.**    **<u>Claim No. 7:</u> Declaratory Relief under <u>42 U.S.C. § 1983</u> against All Defendants:**

    a.    <u>Elements Required to Establish Claim No. 7:</u>

        (1)    Plaintiff must demonstrate "concrete and particularized legal harm ... coupled with a sufficient likelihood that he will again be wronged in a similar way." *Canatella v. State of California*, <u>304 F.3d 843, 852</u> (9th Ci<u>r. 2002</u>); *Hodgers-Durgin v. de la Vina*, <u>199 F.3d 1037, 1044</u> (9th Ci<u>r. 1999</u>).

    b.    <u>Key Evidence in Opposition to Claim No. 7:</u>

        (1)    Same as Defendants' Key Evidence Claim No. 1.

    b.    Defendants' Defenses

        i.    Defendants' Section

Defendants contend that the elements of Defendants' affirmative defenses are as follows:

**A.**    **<u>First Affirmative Defense:</u> Plaintiff Has Failed to State a Claim.**

    a.    <u>Elements Required to Establish First Affirmative Defense:</u>

        (1)    Only the person whose constitutional rights were violated can sue to vindicate those rights.

(See *Moreland v. Las Vegas Metropolitan Police Dept.*, <u>159 F.3d 365, 371</u> (9th Ci<u>r. 1998</u>); *Herd v. County of San Bernardino*, <u>311 F.Supp.3d 1157, 1163</u>–1164 (C.D.

Cal. 2018))

        b.    Key Evidence in Support of the First Affirmative Defense:

        (1)    The facts are those stated above in Defendants' Key Evidence Claim No. 1.1.

        (2)    An unlawful assembly was declared and dispersal orders were given.

        (3)    Mr. Pineda was present at the time of the dispersal order at Pershing Square.

        (4)    Mr. Pineda did not comply with the dispersal order.

        (5)    The crowd with Mr. Pineda was throwing bottles, fireworks and other items at the officers.

        (6)    Officer Haney fired a less lethal super sock round at an individual he identified with a bottle. Mr. Pineda was not Officer Haney's intended target.

        (7)    Officer Haney's use of force was reasonable based on the totality of the circumstances that Officer Haney and other officers faced.

        (8)    Plaintiff has failed to show an underlying constitutional injury.

        (9)    Plaintiff was not engaged in a constitutionally protected activity after the unlawful assembly was declared and the dispersal order was given.

        (10)    The officers were attempting to disperse the unruly crowd and restore order after the unlawful assembly was declared and the dispersal order was given.

        (11)    Plaintiff is unable to show a 4th Amendment violation occurred.

        (12)    The actions of the officers were reasonable under the

circumstances.

(13)   Plaintiff has no evidence of any failure to train, ratification, custom, practice or policy that caused any injury to him.

**B.**      **Second Affirmative Defense:** Officer Defendants are Entitled to Qualified Immunity from Plaintiff's Section 1983 Claims.

a.      Elements Required to Establish Second Affirmative Defense:

(1)   The Officer Defendants' did not deprive Plaintiff of her constitutional rights;

(2)   The Officer Defendants' did not violate a clearly established right of plaintiff; and

(3)   A reasonable officer faced with the circumstances facing defendant officers could have believed his or her conduct was lawful.

*See Saucier* v. *Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

b.      Key Evidence in Support of the Second Affirmative Defense:

(1)   Same as Affirmative Defense 1.

**ii.      Plaintiff's Section**

**Plaintiff's Position of Defendants' First Affirmative Defense:** This is not an Affirmative Defense. This is either (1) a legal defense (failure to state a claim) which must be raised by way of motion and ruled on by the Court and for which relief may not be sought at this late stage, or (2) simply a denial of the elements of Plaintiff's claims, the viability of which must be decided by the jury.

**Plaintiff's Position on Defendants' Second Affirmative Defense:** This is not an Affirmative Defense that can be placed before a jury. This is a legal defense which must be raised by way of motion. Relief based on this defense may not be sought at this late stage. The law was clearly established that Defendants' actions were unconstitutional.

/ / /

## 8.   ISSUES TO BE TRIED

All of the foregoing issues remain to be tried except for the stipulated facts identified in Section 5, *supra*."

## 9.   DISCOVERY

a.   Plaintiff:

      i.   Plaintiff awaits the production of the Internal Affairs Investigation into the shooting of Plaintiff.

b.   Defendants:

      i.   The Internal Affairs Investigation into the subject incident remains pending.

## 10.   EXHIBITS

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The Exhibit List of the parties has been filed under separate cover as required by L.R. 16-6.1. The Parties reserve the right to amend the exhibit list. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

**Plaintiff objects to the following Exhibits:**

| Ex. No. | Description | Objections |
|---|---|---|
| 7. | Screen Shot of 540 W 7th St. Google Map, Road view | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 8. | Video from CBS 2 News LA, PINEDA 0579 | Subject to Plaintiff's Motion in *Limine* no. 4; Irrelevant; any probative value is substantially outweighed by danger of unfair |

| Ex. No. | Description | Objections |
|---|---|---|
| | | prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Hearsay without exception. FRE 801, 802. |
| 12. | Kitroom Inventory Tracking System Transaction History for Officer Eduardo Munoz, Checkout date May 28, 2020 through May 30, 2020, CLA 1150 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 13. | J. West Activity Log, dated from May 28 to May 29, 2020, CLA 0144 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 14. | Kit Room Inventory Tracking System Transaction History for Officer Tory Morgan, Checkout date May 26, 20202 through May 29, 2020, CLA 1181 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 15. | Kit Room Inventory Tracking System Transaction History for Officer Gus Dearman, Checkout date May 28, 20202 through May 30, 2020, CLA 1192 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 17. | Personnel Check-In List (ICS 211), dated from 5/29/30 to 5/29/20, CLA 0143 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, |

| Ex. No. | Description | Objections |
|---|---|---|
| | | than probative. FRE 401, 402, 403. |
| 18. | Video clip of body-worn camera footage (Confidential – Subject to Protective Order), CLA 1091 CONFIDENTIAL | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 26. | Christian Stewart Pineda medical report of injuries, dated April 19, 2022, PINEDA 1020-1022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 28. | Screenshots of Social Media post (Facebook Posts and Pictures) re incident and pictures of clothing, PINEDA 1023-1053 | Object to PINEDA 1032-1044, and PINEDA 1046-1048, which are subject to Plaintiff's Motion *in limine* No. 4. Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 30. | Text Messages re incident, PINEDA 0581-0598 | Object to PINEDA 0594-0595, which are subject to Plaintiff's Motion *in limine* No. 4. Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---|---|---|
| | | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. |
| 38. | A Flexible and Effective Beanbag Platform by Doreen Hudson, PINEDA 1056-1086 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 42. | Los Angeles Police Department After Action Report, dated April 13, 2020, PINEDA 0115-0358 | Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 44. | Radio log, dated May 29, 2020, CLA 0103-CLA 0127 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 51. | Rule 26 Report of Expert Edward T. Flosi, dated October 28, 2022 | Subject to Plaintiff's motion *in limine* no. 5. Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802.  Improper expert opinion. FRE 702, 703. |
| 56. | Anthony Reading's CV – Attachment A | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 403. Improper character evidence. FRE 404. |
| 57. | Anthony Reading's Rule 26 Log – Attachment B1 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 58. | Anthony Reading's Rule 26 Log – Attachment B2 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 59. | Anthony Reading's Invoice, dated September 6, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 60. | Anthony Reading's handwritten notes re "Christian Pineda," dated August 30, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---|---|---|
| | | cumulative evidence. FRE 401, 402, 403. |
| 61. | One typed page referring to Christian Pineda Records Received (via email) on August 29, 2022 ("Doc 036.First Amended Complaint.06-28-22 & Pineda, Christian.06-27-22.Full Transcript") | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 62. | One typed page referring to Christian Pineda Records Received (via email) on August 26, 2022 ("Doc 029.Protective Order.02-07-22; PINEDA 1020-PINEDA 1022 (CONF).prod 05-13-22; PINEDA 1088-PINEDA 1155 (CONF).prod 07-29-22) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 63. | Anthony Reading's Rule 26 Report, dated October 27, 2022 | Any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 403. |
| 69. | Roger Clark's CV | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 70. | Roger Clark's Fee Schedule, date October 28, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 71. | Roger Clark's Updated List of Sworn Testimony for Rule 26, revised October 26, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 72. | Roger Clark's Updated List of Sworn Testimony for Rule 26, revised November 11, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 73. | Roger Clark's Rule 26 Report, dated October 27, 2022 | Any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 403. |
| 74. | Email from Tami Galindo to Roger Clark re "Pineda v. City of Los Angeles, et al.," dated September 8, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 75. | Email from Tami Galindo to Roger Clark re Correct version of Depo transcripts, dated October 27, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 76. | Email from Tami Galindo to Roger Clark re "FWD: Tami Galindo sent you these documents," dated October 27, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 77. | Email from Tami Galindo to Roger Clark re "RE: Tami Galindo sent you | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, |

| Ex. No. | Description | Objections |
|---|---|---|
|  | these documents," dated October 27, 2022 | confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 93. | Email from David Washington to Roger Clark re "Flosi Expert Report," dated November 4, 2022 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 97. | May 29, 2020 tweet from Defendant Moore, CLA 0001 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 100. | July 2018 Use of Force Tactics Directive No. 17, CLA0018-22 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 104. | "Your Rights to Demonstrate and Protest," by the City of Los Angeles Human Relations Commission, CLA 0077-0078 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 107. | LAPD Training Bulletin, "Mobile Field Force Concept - Part II, Mobile Tactics," | Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---|---|---|
|  | dated August 2006, CLA 0087-0092 | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 108. | Personnel Check-In List (ICS 211), dated May 29, 2020, CLA 0093 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 109. | Activity Log (ICS 214), dated May 31, 2020, CLA 0094-0095 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 111. | Office of the Chief of Police, Special Order No. 4, Subject: Policy on the Use of Force - Revised, dated February 5, 2020, CLA 0097-0101 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 112. | Your ZULU Time to Local Time Conversion, dated May 30, 2020, CLA 0102 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---|---|---|
| | | cumulative evidence. FRE 401, 402, 403. |
| 113. | Video titled CLA 0128 CONFIDENTIAL - 5_29_20_7th&Grand_2020----Ponce 42008.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. |
| 114. | Video titled CLA 0129 CONFIDENTIAL - 5_29_20_7th&Grand_2020----Zavala 40197.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 115. | Video titled CLA 0130 CONFIDENTIAL - Ofcr Chiu 5-29-20 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 116. | Video titled CLA 0131 CONFIDENTIAL - Ofcr Covarrubias 5-29-20 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 117. | Video titled CLA 0132 CONFIDENTIAL - Ofcr Delgadillo 5-29-20 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 118. | Video titled CLA 0133 CONFIDENTIAL - Ofcr Meraz 5-29-21 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 119. | Video titled CLA 0134 CONFIDENTIAL - Ofcr Pimentel 5-29-20 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 120. | Video titled CLA 0135 CONFIDENTIAL - Ofcr Pimentel2 5-29-20 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 121. | Video titled CLA 0136 CONFIDENTIAL - Ofcr Valdez 05-29_2020 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 122. | Video titled CLA 0137 CONFIDENTIAL - Sgt Alforo BWV 5-29-21 2022.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 123. | Video titled CLA 0138 CONFIDENTIAL - Sgt Zarate 05-29-21 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 124. | Video titled CLA 0139 CONFIDENTIAL - Sgt. Burke 05-29_2020 Grand_7th.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 125. | Audio titled CLA 0140 CONFIDENTIAL - Radio Audio 1 (OCB TAC 1 CH 35 MAY 29).wav | As to all audio outside of UTC 19:06:00-19:08:15: Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 126. | Audio titled CLA 0141 CONFIDENTIAL - Radio Audio 2 FREQUENCY 5-29-20.wav | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 127. | Audio titled CLA 0142 CONFIDENTIAL - Radio Audio 3 CWTAC1 5-29-20.wav | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 128. | Notice from Director, Office of Operations to All Office of Operations Personnel, Subject: Department Role in City-Led Initiative to Eliminate Homelessness, etc., dated February 20, 2020, CLA 0147 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 129. | Office of the Chief of Police, | Irrelevant; any probative value |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|         | Administrative Order No. 19, Subject: Definition of Terms Used in the Department Manual – Revised, etc., dated November 8, 2019, CLA 0148-0149 | is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 131. | LAPD Crowd Control Expanded Course Outline, ECO January 12, 2022, CLA 0156-0179 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 136. | Preferred Violation Codes Guide for Unusual Occurrences, CLA 0241 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 137. | Notice from Commanding Officer, Uniformed Services Group to All Concerned Commanding Officers, Subject: Media Relations in Crowd Control Situation, dated July 8, 2002, CLA 0242-0243 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 139. | LAPD Special Operations/Metropolitan Division, "Tactical Response Force (TRF) / Tactical Support Element (TSE)," dated June 3, 2020, CLA 0247-0261 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 140. | LAPD Use of Force-Tactics Directive, "Electronic Control Devise, Taser," dated July 2018, CLA 0262-0271 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, |

| Ex. No. | Description | Objections |
|---|---|---|
| | | 402, 403. |
| 141. | LAPD Use of Force-Tactics Directive, "Oleoresin Capsicum," dated July 2018, CLA 0272-0275 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 143. | LAPD Metropolitan Division Enhanced Tactical Response Options, Lesson Plan, CLA 0287-0292 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 146. | "Field Jail Guide" from Volume 6 of the LAPD Emergency Operations Guide, dated 1999, CLA 0395-0429 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 148. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 34, First Aid & CPR, Version 5.2, Correction dated April 2014, CLA 0487-0699 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 151. | Stand Alone 6 – First Aid, Sessions 1, 2, 3, 6, 8, 9, 11, 12, 13, date revised November 19 & 24, 2019, CLA 0928-0988 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 152. | LAPD Training Bulletin, "Bloodborne Pathogens," dated July 2003, CLA 0989-0992 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 153. | Sec. 55.07, Prohibition on Carrying or Possessing Specified Items While Attending or Participating in Any Public Demonstration, etc., dated November 3, 2017, CLA 0993-0994 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 154. | LAPD Arrest and Control Perishable Skills Course Expanded Course Outline, ECO April 21, 2021, CLA 0995-1004 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 155. | Legal Bulletin LAPD Legal Affairs Division – Legal Training Unit, dated March 15, 1995, CLA 1005-1008 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 156. | Metropolitan Division 36" Baton Certification, ECO January 2017, CLA 1009-1016 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 157. | Office of the Chief of Police Special Order No. 11, Subject: Taking Persons Into Custody – Revised, dated March 26, 2020, CLA 1017-1018 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 158. | LAPD Training Bulletin, "Handcuffing," dated August 2019, CLA 1019-1023 | Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---|---|---|
| | | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 163. | LAPD Watch Commander's Daily Report, dated May 29, 2020 (unredacted), CLA 1076-1080 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 164. | LAPD Watch Commander's Daily Report, dated May 29, 2020 (unredacted, CLA 1081-1086 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 165. | Video titled CLA 1087 CONFIDENTIAL 5-29-20--7th & Grand--Fotanetta.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 166. | Video titled CLA 1088 CONFIDENTIAL 5-29-20--7th & Grand—Crabbe.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---|---|---|
| | | cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 167. | Video titled CLA 1089 CONFIDENTIAL 5-29-20--7th & Grand--Welch.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 168. | Video titled CLA 1090 CONFIDENTIAL 5-29-20--7th & Grand--Byrd.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 169. | Video titled CLA 1093 CONFIDENTIAL 5-29-20--7th & Grand--Ramos.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 170. | Video titled CLA 1094 CONFIDENTIAL 5-29-20--7th & Grand--West.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  |  | cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 171. | Video titled CLA 1095 CONFIDENTIAL 5-29-20--7th & Grand--Dearman.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 172. | Video titled CLA 1096 CONFIDENTIAL (5-29-20--7th & Grand)--Fillinger.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 174. | Video titled CLA 1099 CONFIDENTIAL 5-29-20--7th & Grand-- Foxhoven.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 175. | Video titled CLA 1101 Watch Live_ Black Lives Matter Protesters Rally in DTLA _ NBCLA.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 176. | Video titled CLA 1103 CONFIDENTIAL TID 5-29-20-- 7th & Grand MVI_0114-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 177. | Video titled CLA 1104 CONFIDENTIAL TID 5-29-20-- 7th & Grand MVI_0115-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 178. | Video titled CLA 1105 CONFIDENTIAL TID 5-29-20-- 7th & Grand MVI_0116-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | inadmissible duplicate. FRE 1002, 1003. |
| 179. | Video titled CLA 1111 CONFIDENTIAL 5-29-20---7th&Grand---1859---Mendoza-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 180. | Video titled CLA 1112 CONFIDENTIAL 5-29-20---7th&Grand---1900---Dapello-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 182. | Video titled CLA 1114 CONFIDENTIAL 5-29-20---7th&Grand---2020---Peralta-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 183. | Video titled CLA 1115 CONFIDENTIAL 5-29-20---7th&Grand---2021---Resurreccion-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | without exception. FRE 801, 802. |
| 184. | Video titled CLA 1116 CONFIDENTIAL 5-29-20---7th&Grand---2022---Marsolais-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 185. | Video titled CLA 1117 CONFIDENTIAL 5-29-20---7th&Grand---2023---Sovick-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 186. | Video titled CLA 1118 CONFIDENTIAL 5-29-20---7th&Grand---2023---Kumlander-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 187. | Video titled CLA 1119 CONFIDENTIAL 5-29-20---7th&Grand---2023---Avila-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  |  | without exception. FRE 801, 802. |
| 188. | Video titled CLA 1120 CONFIDENTIAL 5-29-20---7th&Grand---2034---Nerio-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 190. | Video titled CLA 1122 CONFIDENTIAL 5-29-20---7th&Grand---2015---Cardena-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 191. | Video titled CLA 1123 CONFIDENTIAL 5-29-20---7th&Grand---2021---Pereira-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 192. | Video titled CLA 1124 CONFIDENTIAL 5-29-20---7th&Grand---2022---Emerick-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | without exception. FRE 801, 802. |
| 193. | Video titled CLA 1125 CONFIDENTIAL 5-29-20---7th&Grand---2022---Alfaro-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 194. | Video titled CLA 1126 CONFIDENTIAL 5-29-20---7th&Grand---2022---Garton-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 195. | Video titled CLA 1127 CONFIDENTIAL 5-29-20---7th&Grand---2022---Mejia-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 196. | Video titled CLA 1128 CONFIDENTIAL 5-29-20---7th&Grand---2023---Pintado-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  |  | without exception. FRE 801, 802. |
| 197. | Video titled CLA 1129 CONFIDENTIAL 5-29-20---7th&Grand---2027---Munoz-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 198. | Video titled CLA 1130 CONFIDENTIAL 5-29-20---7th&Grand---2038---Navarro-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 199. | Video titled CLA 1131 CONFIDENTIAL 5-29-20---7th&Grand---2040---Graber-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 200. | Video titled CLA 1132 CONFIDENTIAL 5-29-20---7th&Grand---Cardenas-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay |

| Ex. No. | Description | Objections |
|---|---|---|
| | | without exception. FRE 801, 802. |
| 201. | Video titled CLA 1133 CONFIDENTIAL 5-29-20---7th&Grand---Garton-w.mp4 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 202. | Personnel Check-In List (ICS 211), dated May 29-30, 2020 (unredacted), CLA 1134 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 203. | Activity Log (ICS 214), dated May 29-30, 2020 (unredacted), CLA 1135 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 204. | LAPD Vehicle Equipment and Assignment Report, Newton, dated May 29, 2020, CLA 1136 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 205. | LAPD Vehicle Equipment and Assignment Report, Harbor, dated May 29, 2020, CLA 1139 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |

| Ex. No. | Description | Objections |
|---|---|---|
| 206. | LAPD Vehicle Equipment and Assignment Report, Rampart - GED, dated May 29, 2020, CLA 1140 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 207. | LAPD Vehicle Equipment and Assignment Report, Rampart – Watch-7, dated May 29, 2020, CLA 1141 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 208. | LAPD Vehicle Equipment and Assignment Report, Rampart – Watch-2, dated May 29, 2020, CLA 1142 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 209. | LAPD Vehicle Equipment and Assignment Report, Rampart – Watch-3, dated May 29, 2020, CLA 1143 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 210. | LAPD Vehicle Equipment and Assignment Report, Rampart – Watch-4, dated May 29, 2020, CLA 1144 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 211. | LAPD Vehicle Equipment and Assignment Report, Rampart - SLO, dated May 29, 2020, CLA 1145 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | cumulative evidence. FRE 401, 402, 403. |
| 212. | LAPD Vehicle Equipment and Assignment Report, Rampart – Special Detail, dated May 29, 2020, CLA 1146 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 213. | Kitroom Inventory Tracking System Transaction History for Officer – Kenny Pintado, dated May 28-30, 2020, CLA 1147 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 214. | Kitroom Inventory Tracking System Transaction History for Officer – Arnold Nerio, dated May 28-30, 2020, CLA 1148 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 215. | Kitroom Inventory Tracking System Transaction History for Officer – Luis Martin, dated May 28-30, 2020, CLA 1149 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 216. | Kitroom Inventory Tracking System Transaction History for Officer – Eduardo Munoz, dated May 28-30, 2020, CLA 1150-1151 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 217. | Kitroom Inventory Tracking System Transaction History for Officer – David Reynoso, dated May 28-30, 2020, CLA | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, |

| Ex. No. | Description | Objections |
|---|---|---|
| | 1152 | confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 218. | Kitroom Inventory Tracking System Transaction History for Officer – Shawn Graber, dated May 28-30, 2020, CLA 1153 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 219. | Kitroom Inventory Tracking System Transaction History for Officer – Mark Andrew Navarro, dated May 28-30, 2020, CLA 1154 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 220. | Kitroom Inventory Tracking System Transaction History for Officer – Daniel Cardenas, dated May 28-30, 2020, CLA 1155 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 221. | Kitroom Inventory Tracking System Transaction History for Officer – Christian Garton, dated May 28-30, 2020, CLA 1156 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 222. | Kitroom Inventory Tracking System Transaction History for Officer – Rodolfo Lopez, dated May 28-30, 2020, CLA 1157 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 223. | Kitroom Inventory Tracking System | Irrelevant; any probative value |

| Ex. No. | Description | Objections |
|---|---|---|
| | Transaction History for Officer – Irvin Pereira, dated May 28-30, 2020, CLA 1158 | is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 224. | Gang Enforcement Detail – Supervisor's Daily Report, dated May 29, 2020, CLA 1159-1162 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 225. | Gang Enforcement Detail – Supervisor's Daily Report, dated May 29, 2020, CLA 1163-1165 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 226. | Gang Enforcement Detail – Supervisor's Daily Report, dated May 29, 2020, CLA 1166-1168 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 227. | Kitroom Inventory Tracking System Transaction History for Officer – Brian Marsolais, dated May 26-29, 2020, CLA 1169 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 228. | Kitroom Inventory Tracking System Transaction History for Officer – Marco Peralta, dated May 26-29, 2020, CLA 1170 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, |

| Ex. No. | Description | Objections |
|---|---|---|
| | | 402, 403. |
| 229. | Kitroom Inventory Tracking System Transaction History for Officer – Michael Barragan, dated May 26-29, 2020, CLA 1171 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 230. | Kitroom Inventory Tracking System Transaction History for Officer – Robert Resurreccion, dated May 26-29, 2020, CLA 1172 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 232. | Kitroom Inventory Tracking System Transaction History for Officer – Carlos Mendoza, dated May 26-29, 2020, CLA 1174 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 233. | Kitroom Inventory Tracking System Transaction History for Officer – Eric Dapello, dated May 26-29, 2020, CLA 1175 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 234. | Kitroom Inventory Tracking System Transaction History for Officer – Jaime Avila, dated May 26-29, 2020, CLA 1176 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 235. | Kitroom Inventory Tracking System Transaction History for Officer – Charles Kumlander, dated May 26-29, 2020, CLA 1177 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 236. | Kitroom Inventory Tracking System Transaction History for Officer – Gregory Sovick, dated May 26-29, 2020, CLA 1178 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 237. | Kitroom Inventory Tracking System Transaction History for Officer – Gilberto Gaxiola, dated May 26-29, 2020, CLA 1179 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 239. | Kitroom Inventory Tracking System Transaction History for Officer – Keno Ramos, dated May 26-29, 2020, CLA 1182 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 240. | Kitroom Inventory Tracking System Transaction History for Officer – Blank, dated May 26-29, 2020, CLA 1183 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 241. | Kitroom Inventory Tracking System Transaction History for Officer – Russell Veloni, dated May 26-29, 2020, CLA 1184 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 242. | Kitroom Inventory Tracking System Transaction History for Officer – James | Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
|  | Welch, dated May 26-29, 2020, CLA 1185 | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 243. | Kitroom Inventory Tracking System Transaction History for Officer – Chester Sherman, dated May 26-29, 2020, CLA 1186 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 244. | Kitroom Inventory Tracking System Transaction History for Officer – Shawn Crabbe, dated May 26-29, 2020, CLA 1187 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 245. | Kitroom Inventory Tracking System Transaction History for Officer – Jessie West, dated May 26-29, 2020, CLA 1188 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 246. | Kitroom Inventory Tracking System Transaction History for Officer – Jorge Blanco, dated May 26-29, 2020, CLA 1189 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 247. | Kitroom Inventory Tracking System Transaction History for Officer – Sterling Byrd, dated May 26-29, 2020, CLA 1190 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |

| Ex. No. | Description | Objections |
|---|---|---|
| 248. | Kitroom Inventory Tracking System Transaction History for Officer – Kevin Chavez, dated May 26-29, 2020, CLA 1191 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 249. | Kitroom Inventory Tracking System Transaction History for Officer – Alexandria Fontanetta, dated May 26-29, 2020, CLA 1193 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 250. | Kitroom Inventory Tracking System Transaction History for Officer – Lawrence Langner, dated May 26-29, 2020, CLA 1194 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 251. | Kitroom Inventory Tracking System Transaction History for Officer – Diego Millan, dated May 26-29, 2020, CLA 1195 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 252. | Kitroom Inventory Tracking System Transaction History for Officer – Jonathan Delgadillo, dated May 29, 2020, CLA 1196 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 253. | Kitroom Inventory Tracking System Transaction History for Officer – Tom Cardona, dated May 29, 2020, CLA 1197 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | cumulative evidence. FRE 401, 402, 403. |
| 254. | Kitroom Inventory Tracking System Transaction History for Officer – Jonathan Sanchez, dated May 29, 2020, CLA 1198 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 255. | Kitroom Inventory Tracking System Transaction History for Officer – Enrique Meraz, dated May 29, 2020, CLA 1199 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 256. | Kitroom Inventory Tracking System Transaction History for Officer – Juan Zarate, dated May 29-30, 2020, CLA 1200 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 257. | Kitroom Inventory Tracking System Transaction History for Officer – Christopher Burke, dated May 29, 2020, CLA 1201 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 258. | Kitroom Inventory Tracking System Transaction History for Officer – Luis Valdez, dated May 29, 2020, CLA 1202 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 259. | Kitroom Inventory Tracking System Transaction History for Officer – Chad Fillinger, dated May 29, 2020, CLA | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | 1203 | confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 260. | Kitroom Inventory Tracking System Transaction History for Officer – Rudy Ponce, dated May 29, 2020, CLA 1204 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 263. | LAPD Use of Force-Tactics Directive, "Crowd Management, Intervention, and Control," dated April 2021, CLA 1207-1218 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 264. | LAPD Use of Force-Tactics Directive, "40mm Less-Lethal Launcher," dated October 2021, CLA 1219-1224 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 268. | Media coverage of the May 29, 2020 protest, PINEDA 0461-0501 | Any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 270. | Video footage of the May 29, 2020 protest, PINEDA 0509 | Subject to Plaintiff's Motion in *Limine* no. 4; Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Hearsay |

| Ex. No. | Description | Objections |
|---|---|---|
| | | without exception. FRE 801, 802. |
| 275. | July 2018 Los Angeles Police Department Use of Force Tactics Directive No. 17, PINEDA 0538-0542 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 281. | May 29, 2020 FOX11 Aerial Footage Video, PINEDA 0560 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 303. | Video produced by Plaintiff and titled PINEDA 1054 (Video).prod 06-23-22.mp4 | Object to inclusion of the running commentary of viewers of the video, which appears at the bottom of the screen (i.e., this video is only admissible if said commentary is cropped out). Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 306. | California Commission on Peace Officer Standards and Training (POST), Basic | Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---|---|---|
| | Course Workbook Series, Student Materials, Learning Domain 20, Use of Force/Deescalation, Version 5.4, Update dated April 2021, P004149-4270 | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 308. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 33, Arrest and Control, Version 5.1, Revised dated February 2022, P004386-4518 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 310. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 37, People with Disabilities, Version 6.0, Update dated April 2016, P004669-4806 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 311. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 11, Juvenile Law and Procedure, Version 6.8, Revised dated January 2021, P004807-4879 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 313. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 42, Cultural Diversity/Discrimination, Version 6.5, Updated dated December 2020, P004955-5114 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 314. | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 42, Cultural Diversity/Discrimination, Version 6.1, Correction dated February 2017, P005115-5260 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |

| Ex. No. | Description | Objections |
|---|---|---|
| 315. | Los Angeles Police Department, Use of Force – Tactics Directive, Directive No. 2.2, Hobble Restraint Device, dated November 2017 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 317. | First Amended Complaint for Damages and Declaratory Relief, dated June 28, 2022 (Dkt. 36) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 318. | Edward T. Flosi's CV | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 320. | Fontanetta Body Worn Camera Video  (CLA1086) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 321. | Chubbuck Body Worn Camera Video  (CLA1108) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 322. | Kasinger Body Worn Camera Video (CLA1109) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 323. | Pineda J. Body Worn Camera Video (CLA1110) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 324. | 5th & Olive Pershing Square TID 5-29-20 (CLA1106) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 325. | 5th & Olive Pershing Square TID 5-29-20 (CLA1107) | Irrelevant; any probative value is substantially outweighed by |

| Ex. No. | Description | Objections |
|---|---|---|
|  |  | danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 326. | News Media video(s) depicting plaintiff on 5-29-20 | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE 1002, 1003. |
| 330. | 40mm Less-Lethal Launcher Directive (CLA 0018-0022) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 331. | News Release on 5-31-20 re arrests (CLA 0073) | Subject to Plaintiff's motion *in limine* no. 4. Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. Not original and inadmissible duplicate. FRE |

| Ex. No. | Description | Objections |
|---|---|---|
| | | 1002, 1003. |
| 332. | Demonstration Rights (CLA 0077) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 333. | Request and Approval of 37MM (CLA 0109, CLA 0118) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 334. | Documents relating to Biased Placing (CLA 0147-0149) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 339. | Investigative Report Re Officers Injured and Photos of Injuries (CLA1065-1074) | Subject to Plaintiff's Motion *in limine* No. 4. Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 340. | Watch Commander's Daily Report | Irrelevant; any probative value |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | (CLA 1076-1086) | is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. Improper character evidence. FRE 404. Hearsay without exception. FRE 801, 802. |
| 341. | Kit Room Logs (CLA 1136-1158, 1169-1204) | Object to CLA 1136-1168 and 1181-1204. Irrelevant; substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence, than probative. FRE 401, 402, 403. |
| 342. | Gang Enforcement Detail—Supervisor's Daily Report (CLA 1159-1168) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |
| 344. | Plaintiff's medical records from Harbor UCLA Surgery/Oncology (PINEDA 1107-1155) | Irrelevant; any probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, needlessly presenting cumulative evidence. FRE 401, 402, 403. |

/ / /

/ / /

/ / /

JOINT [PROPOSED] FINAL
PRETRIAL CONFERENCE ORDER

**Defendants object to the following Exhibits:**

| Ex. No. | Description | Objections |
|---|---|---|
| 38 | Flexible and Effective Beanbag Platform by Doreen Hudson, PINEDA 1056-1086 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. This document contains opinions that are irrelevant, unfairly prejudicial, speculative, not helpful to the jury, improper, confusing of the issues, and misleading to the jury.  Fed. R. Evid. 401, 402, 403, 702. Moreover, this evidence is inadmissible hearsay.  Fed. R. Evid. 801. |
| 42 | Los Angeles Police Department After Action Report, dated April 13, 2020, PINEDA 0115-0358 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: <br>• **negligence;** <br>• **culpable conduct;** <br>• a defect in a product or its design; or <br>• **a need for a warning or instruction.** <br>Fed. R. Evid 407. |

| Ex. No. | Description | Objections |
|---|---|---|
| 47 | TEAM Report of Stephen McClean, CLA 1243-1261 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.  Further, this evidence is improper character evidence and inadmissible hearsay.  Fed. R. Evid. 404, 801.  Additionally, the document is protected by the official information, the deliberative process and attorney client privilege and work product doctrine and law enforcement investigatory privilege, Pen. Code §§ 832.7, 832.8, Cal. Evid. Code § 1040 |
| 49 | TEAM Report of Colton Haney, CLA 1231-1242 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.  Further, this evidence is improper character evidence and inadmissible hearsay.  Fed. R. Evid. 404, 801.

Additionally, the document is protected by the official information, the deliberative process and attorney client privilege and work product doctrine and law enforcement investigatory privilege, Pen. Code §§ 832.7, 832.8, Cal. Evid. Code § |

| Ex. No. | Description | Objections |
|---|---|---|
| | | 1040 |
| 52 | National Police Foundation, A Crisis of Trust, dated May 27 to June 7, 2020, PINEDA0001-0015 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 54 | Letter from Chief Sharon M. Tso to Honorable Members of Los Angeles City Council re: "Report by Independent Counsel, Gerald Chaleff of the Police Department Response to Protests in May/June | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;** |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | • a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 131 | LAPD Crowd Control Expanded Course Outline, ECO January 12, 2022, CLA 0156-0179 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 139 | LAPD Special Operations/Metropolitan Division, "Tactical Response Force (TRF) / Tactical Support Element (TSE)," dated June 3, 2020, CLA 0247-0261 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. |
| 143 | LAPD Metropolitan Division Enhanced Tactical Response Options, Lesson Plan, CLA 0287-0292 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403. |
| 146 | "Field Jail Guide" from Volume 6 of the LAPD Emergency Operations Guide, dated 1999, CLA 0395-0429 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403. |
| 154 | LAPD Arrest and Control Perishable Skills Course Expended Course Outline, ECO April 21, 2021, CLA 0995-1004 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 156 | Metropolitan Division 36 " Baton Certification, ECO January 2017, CLA 1009-1016 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | 403. |
| 160 | LAPD Use of Force/De-escalation Expanded Course Outline, ECO July 16, 2020, CLA 1029-1043 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 161 | CA POST Distance Learning Grant Program LAPD Use of Force and De-escalation Expanded Course Outline, ECO Revised January 31, 2021, CLA 1044-1052 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;** |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | • a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 261 | Notice from the Office of the Chief of Police to All Sworn Personnel, Subject: Narrating on Body Worn Video When Using Less Lethal, dated November 2, 2020, CLA 1205 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 262 | Message from the DOC Communications Division to the DOC Communications Division, Subject: Message from the COP, dated October 23, 2020, CLA 1206 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 263 | LAPD Use of Force-Tactics Directive, "Crowd Management, Intervention, and Control," dated April 2021, CLA 1207-1218 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 264 | LAPD Use of Force-Tactics Directive, "30mm Less-Lethal Launcher," dated October 2021, CLA 1219-1224 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 401, 402, 403. |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 265 | Notice from the Office of the Chief of Police to All Department Personnel, Subject: Prohibition on the Use of the Beanbag Shotgun in a Crowd Control Situation," dated September 28, 2021, CLA 1225 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 266 | LAPD Use of Force-Tactics Directive, "Beanbag Shotgun," dated September 2020, CLA 1226-1230 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. <br><br> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: <br> • **negligence;** <br> • **culpable conduct;** <br> • a defect in a product or its design; or <br> • **a need for a warning or instruction.** <br> Fed. R. Evid 407. |
| 267 | A Crisis of Trust: A National Police Foundation Report to the Los Angeles Board of Police Commissioners on the LAPD Response to First Amendment Assemblies and Protests Occurring, May 27-June 7, 2020, PINEDA 0001-0114 (Published April 2021) | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.  Moreover, this evidence is inadmissible hearsay.  Fed. R. Evid. 801 <br> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: <br> • **negligence;** <br> • **culpable conduct;** <br> • a defect in a product or its design; or <br> • **a need for a warning or instruction.** <br> Fed. R. Evid 407. |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 271 | September 28, 2021 Los Angeles Times Article entitled "LAPD's use of protest dispersal orders soars, with few records justifying actions," PINEDA 0510-0515 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.  Moreover, this evidence is inadmissible hearsay.  Fed. R. Evid. 801<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 278 | July 20, 2021 Office of the Inspector General Review of Body Worn Video and Digital In-Car Video Policy Compliance During Categorical Use of Force Incidents, PINEDA 0547-0556 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.  Moreover, this evidence is inadmissible hearsay.  Fed. R. Evid. 801<br><br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to |

| Ex. No. | Description | Objections |
|---|---|---|
| | | prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 279 | May 3, 2021 Notice 1.14 from the Office of the Chief of Police, PINEDA 0557-0558 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 293 | Inspector General Report on officer involved shooting, PINEDA 0599-0682, dated (August 10, 2020) | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. |
| 294 | LAPD 2020 Use of Force Year End Review, PINEDA 0683-0879 | This document is wholly irrelevant to liability in this matter, and its probative value is |

| Ex. No. | Description | Objections |
|---|---|---|
|  |  | substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: <br>• **negligence;** <br>• **culpable conduct;** <br>• a defect in a product or its design; or <br>• **a need for a warning or instruction.** <br>Fed. R. Evid 407. |
| 295 | POST Guidelines on Crowd Management, Intervention and Control, PINEDA 0880-0971 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: <br>• **negligence;** <br>• **culpable conduct;** <br>• a defect in a product or its design; or <br>• **a need for a warning or instruction.** <br>Fed. R. Evid 407. |
| 297 | Black Lives Matter Los Angeles, et | This document is wholly |

| Ex. No. | Description | Objections |
|---|---|---|
| | al. v. City of Los Angeles, et al. (Case No.: CV 20-5027 CBM(ASx) Order RE: Preliminary Injunction, PINEDA 0997-1008 | irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. |
| 298 | June 22, 2020 Public Records Act Request, response, and documents, PINEDA 1009-1019 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. |
| 302 | Plaintiff's jacket, shirt, and shorts worn on the date of the incident giving rise to this lawsuit, which are available for inspection upon request (photographs) PINEDA 1051-1053 | Defendants object to the article of clothing being showed to the jury, not the photographs. This evidence was not disclosed in Plaintiff's Initial Disclosures, as required by Rule 26, nor was it produced in subsequent discovery. Moreover, its probative value is substantially outweighed by dangers of unfair prejudice. Fed. R. Evid 403. |
| 306 | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 20, Use of Force/Deescalation, Version 5.4, Update dated April 2021, P004149-4270 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403. When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: |

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| | | • **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 308 | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 33, Arrest and Control, Version 5.1, Revised dated February 2022, P004386-4518 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 311 | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 11, Juvenile Law and Procedure, Version 6.8, Revised dated January 2021, P004807-4879 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent |

| Ex. No. | Description | Objections |
|---|---|---|
| | | measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407. |
| 313 | California Commission on Peace Officer Standards and Training (POST), Basic Course Workbook Series, Student Materials, Learning Domain 42, Cultural Diversity/Discrimination, Version 6.5, Updated dated December 2020, P004955-5114 | This document is wholly irrelevant to liability in this matter, and its probative value is substantially outweighed by dangers of unfair prejudice, confusion of the issues, and waste of time.  Fed. R. Evid. 401, 402, 403.<br>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:<br>• **negligence;**<br>• **culpable conduct;**<br>• a defect in a product or its design; or<br>• **a need for a warning or instruction.**<br>Fed. R. Evid 407 |

## 11.   WITNESS LISTS

The Parties' witness lists were filed with the Court on January 31, 2023. Only the witnesses identified in the lists will be permitted to testify. The Parties do not intend to present evidence by way of deposition testimony. The Parties reserve the right to introduce deposition testimony for the purpose of impeachment."

/ / /

1

## 12.   PENDING LEGAL AND EVIDENTIARY ISSUES

2        **a.    Plaintiff:**

3            i.        Plaintiff's Motion *in Limine* No. 1 to exclude any evidence,

4    testimony, and argument relating to Plaintiff's cannabis use;

5            ii.        Plaintiff's Motion *in Limine* No. 2 to exclude any evidence,

6    testimony, and argument relating to Plaintiff's criminal history;

7            iii.        Plaintiff's Motion *in Limine* No. 3 to exclude any evidence,

8    testimony, and argument regarding Plaintiff's participation in another protest on May

9    29, 2020;

10           iv.        Plaintiff's Motion *in Limine* No. 4 to exclude any evidence,

11   testimony, and argument relating to certain irrelevant and prejudicial messages, video,

12   investigative reports, and press releases;

13           v.        Plaintiff's Motion *in Limine* No. 5 to exclude the expert opinions

14   and testimony of Defendants' retained expert Edward T. Flosi;

15           vi.        Plaintiff awaits the production of the Internal Affairs Investigation

16   into the shooting of Plaintiff.

17       **b.    Defendants:**

18           i.        Defendant's *Motion in Limine* to preclude any reference or evidence

19   of the case of Black Lives Matter, et al. v. City of Los Angeles, et al;

20           ii.        Defendant's Motion *in Limine* to preclude evidence or other claims,

21   lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or

22   proceedings and/or other alleged incidents concerning defendants or other members of

23   law enforcement and LAPD;

24           iii.        Defendant's Motion *in Limine* to preclude any reference to "Gang

25   enforcement," "Murder," "War," and other inflammatory language; and

26           iv.        Defendant's Motion *in Limine* to limit opinions of Police Practices

27   expert Roger Clark.

28   / / /

---

JOINT [PROPOSED] FINAL                                    -93-
PRETRIAL CONFERENCE ORDER

1   **13.**    <u>**BIFURCATION**</u>

2       **a.**    **Plaintiff:**

3            i.    None

4

5       **b.**    **Defendants:**

6            i.    Defendants request that the liability and punitive damages phases of

7 the trial be bifurcated so as to prevent any undue prejudice against defendants and in the

8 interests of judicial economy.

9

10   **14.**    <u>**EFFECT OF ORDER**</u>

11       a.    The foregoing admissions having been made by the parties, and the parties

12 having specified the foregoing issues remaining to be litigated, this Final Pretrial

13 Conference Order shall supersede the pleadings and govern the course of the trial of this

14 cause, unless modified to prevent manifest injustice.

15

16

17 Dated: <u>FEBRUARY 21</u>, 2023

18

19                      The Honorable Consuelo B.

20                 Marshall    UNITED STATES

                         DISTRICT JUDGE

21  / / /

22  / / /

23  / / /

24

25

26

27

28

JOINT [PROPOSED] FINAL
PRETRIAL CONFERENCE ORDER

-94-

1    Approved as to form and content.

2

3                                    Respectfully submitted,

4    Dated: February 10, 2023         HADSELL STORMER RENICK & DAI LLP

5

6                                    By:  /s/ - David Clay Washington[1]
                                          Dan Stormer
7                                         David Clay Washington
                                     Attorneys for Plaintiff
8                                    CHRISTIAN PINEDA

9

10   Dated: February 10, 2023         HURRELL CANTRALL LLP

11

12                                   By:  /s/ - Kevin Rashidi
                                          THOMAS C. HURRELL
13                                        JOSEPH K. MILLER
                                          KEVIN RASHIDI
14                                   Attorneys for Defendants
                                     CITY OF LOS ANGELES, CHIEF MICHEL
15                                   MOORE, OFFICER COLTON HANEY and
                                     SERGEANT STEPHEN MCCLEAN
16

17

18

19

20

21

22

23

24

25

26

27

28   [1]  I hereby attest that all other signatories listed, and on whose behalf the filing is
     submitted, concur in the filing's content and have authorized the filing.

JOINT [PROPOSED] FINAL                              -95-
PRETRIAL CONFERENCE ORDER